NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALEJANDRO VICENTE PEREZ and CATHLEEN HANENBERG PEREZ, | : : : | |
| Plaintiffs, | : : | Civ. No. 2:22-cv-04173-CCC-JBC |
| v. | : : | |
| JPMORGAN CHASE BANK, et al., | : : | **OPINION** |
| Defendants. | : : | |

**CECCHI, District Judge.**

### I.     INTRODUCTION

This matter comes before the Court by way of four separate motions.  First, Defendant Hon. Bonnie J. Mizdol, A.J.S.C. ("Judge Mizdol") filed a motion to dismiss (ECF No. 24) the 42 U.S.C. §1983 claim asserted against her in *pro se* Plaintiffs Alejandro Vicente Perez and Cathleen Hanenberg Perez's ("Plaintiffs") complaint (ECF No. 1).  Plaintiffs filed an opposition (ECF No. 31) to Judge Mizdol's motion and Judge Mizdol filed a reply (ECF No. 38).

Second, Plaintiffs filed a motion to strike (ECF No. 27) Defendants JPMorgan Chase Bank N.A., Jamie Dimon, Federal National Mortgage Association ("Fannie Mae"), Bertone Piccini, LLP and Owen Lipnick, Esq.'s (the "Mortgage Defendants") motion to dismiss and disqualify Defendant Lipnick as counsel for the Mortgage Defendants.  The Mortgage Defendants filed an opposition (ECF No. 33) to Plaintiffs' motion and Plaintiffs filed a reply (ECF No. 36).

Third, Plaintiffs filed a motion to strike (ECF No. 37) Defendants Phelan Hallinan Diamond & Jones, P.C. ("PHDJ") and Matthew Gross's (together, the "PHDJ Defendants") joinder (ECF No. 34) to the Mortgage Defendants' motion to dismiss and to disqualify Michael

Pellegrino, Esq. as counsel for the PHDJ Defendants. The PHDJ Defendants filed an opposition (ECF No. 40) to Plaintiffs' motion and Plaintiffs filed a reply (ECF No. 41).

Fourth, Plaintiffs filed a motion for recusal (ECF No. 48) of the undersigned in this action. The Mortgage Defendants filed an opposition (ECF No. 50) to Plaintiffs' recusal motion and the PHDJ Defendants filed a notice of joinder (ECF Nos. 52, 53) to that opposition. Plaintiffs filed an objection (ECF No. 54) to the PHDJ Defendant's notice of joinder and the PHDJ Defendants filed a sur-reply (ECF No. 55).

The Court has also considered the additional submissions made in support of and in opposition to these motions. ECF Nos. 26, 28, 30, 43-46, 56. The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion to dismiss filed by Defendant Judge Mizdol is granted. Further, both of Plaintiffs' motions to strike and disqualify are denied. Plaintiffs' motion for recusal is also denied.[1]

## II.    **BACKGROUND**

The instant action arises out of the facts underlying two related lawsuits, which, in turn, concerned a mortgage transaction in January 2008 and subsequent foreclosure proceedings. Because the instant action requires an understanding of the facts of the two underlying lawsuits, the Court describes these actions before turning to the details of the suit presently before the Court.

---

[1] Also before the Court are the Mortgage Defendants' motion to dismiss (ECF No. 20) and the PHDJ Defendants' motion to dismiss (ECF No. 39) Plaintiffs' complaint. The Court is in receipt of Plaintiffs' requests to adjourn their opposition deadlines to these motions pending resolution of their motions to disqualify counsel. *See* ECF Nos. 25, 42. Because the Court denies Plaintiffs' motions to disqualify counsel, *infra*, Plaintiffs will have thirty (30) days from the date of this Opinion to file oppositions to the Mortgage Defendants' motion to dismiss (ECF No. 20) and the PHDJ Defendants' motion to dismiss (ECF No. 39). Defendants will have seven days from the date of Plaintiffs' respective oppositions to file a reply. Both motions to dismiss will be administratively terminated pending completion of briefing.

2

### a.   The Related Federal Action

Plaintiffs' first action before this Court (the "Related Federal Action") arises out of a mortgage loan that Defendant JPMorgan Chase provided Plaintiffs in January 2008, for a property located at 236 Mabel Anne Avenue, Franklin Lakes, New Jersey (the "Subject Property").  *Perez v. JPMorgan Chase Bank, N.A., et al.*, No. 14-CV-2279, ECF No. 1-3 at 7 (D.N.J. Sept. 26, 2022). On May 7, 2010, Plaintiffs filed a petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of New Jersey.   Related Federal Action, ECF No. 1-1. Thereafter, Plaintiffs commenced an adversary proceeding against Defendants JPMorgan Chase, Fannie Mae, PHDJ and others alleging, *inter alia*, a violation of the Fair Debt Collection Practices Act for practices relating to the mortgage loan.   Related Federal Action, ECF No. 1-1.   The adversary proceeding was transferred from the Bankruptcy Court to this Court on March 17, 2015. Related Federal Action, ECF No. 6.

From 2015 to 2017, the parties engaged in extensive motion practice, and Plaintiffs made various amendments to their complaint.  Plaintiffs' most recent complaint in the Related Federal Action—its sixth amended complaint—asserted five causes of action against Defendant JPMorgan Chase for:  (i) violation of the New Jersey Consumer Fraud Act; (ii) fraudulent misrepresentation; (iii) breach of contract; (iv) breach of the implied covenant of good faith and fair dealing; and (v) promissory estoppel.  Related Federal Action, ECF 34 at 7-14.  Underlying the sixth amended complaint is Plaintiffs' allegation that, in or around July 2009, they entered into a Home Affordable Modification Trial Plan ("HAMP") contract with Defendant JPMorgan Chase.  *Id.* at 4.  Plaintiffs further allege that:   (1) they qualified for, and were promised, a permanent HAMP loan modification (*id.* at ¶¶ 23-24); (2) Defendant JPMorgan Chase improperly or fraudulently denied Plaintiffs the modification, and then failed to advise Plaintiffs that they had been denied (*id.* at ¶¶

26, 30); (3) they were not properly credited for sixty-one mortgage payments made from 2009 to 2014 (*id.* at ¶¶ 27-28, 32-33); and (4) Defendant JPMorgan Chase was involved in a corporation-wide scheme to drain payments from Plaintiffs while having no intention of modifying their mortgage loan (*id.* at ¶ 34).

From 2017 to 2022, Plaintiffs have filed several motions requesting, in one form or another, that this Court intervene in the then-ongoing foreclosure proceedings in New Jersey State Court. In November 2020, for example, Plaintiffs filed a motion to remove the foreclosure proceedings to this Court, *see* Related Federal Action, ECF No. 116, after the state court denied Plaintiffs' motion to dismiss, struck Plaintiffs' answer, and dismissed Plaintiffs' defenses and counterclaims to the foreclosure complaint.  *See* Related Federal Action, ECF No. 117 at 2.  In March 2021, Plaintiffs filed an Order to Show Cause against several parties, including Defendants JPMorgan Chase and Judge Mizdol, alleging that the state court lacked jurisdiction over the foreclosure action.  Related Federal Action, ECF No. 125-1 at 2.  This Court denied Plaintiffs' Order to Show Cause on October 29, 2021.  Related Federal Action, ECF No. 139.  Three months later, Plaintiffs filed a second Order to Show Cause, again asserting that the state court lacked jurisdiction over the foreclosure proceedings.  Related Federal Action, ECF No. 142.  Soon thereafter, Plaintiffs filed a motion to quiet title, asking this Court to undo the foreclosure proceedings.  Related Federal Action, ECF No. 146.  Finally, in May 2022, Plaintiffs filed a second motion to remove the foreclosure action to this Court.  Related Federal Action, ECF No. 155.

Defendant JPMorgan Chase moved to dismiss Plaintiffs' sixth amended complaint pursuant to the *Colorado River* doctrine of abstention.  Related Federal Action, ECF No. 64.  Upon that application, this Court ruled that the Related Federal Action and ongoing foreclosure action were sufficiently parallel proceedings and that exceptional circumstances existed warranting

4

abstention.  Related Federal Action, ECF No. 162 at 7.  As such, this Court dismissed the sixth amended complaint pending final disposition of the foreclosure proceedings.[2]  *Id.* at 12.

### b.  The Foreclosure Action

On June 27, 2018, Defendant JPMorgan Chase commenced an action in the Superior Court of New Jersey, Bergen County, Chancery Division against Plaintiffs captioned *JPMorgan Chase Bank, N.A. v. Perez, et al.*, No. F-013398-18, seeking to foreclose its mortgage lien on the Subject Property (the "Foreclosure Action").  Foreclosure Action, Dkt. No. CHC2018372569.  On July 25, 2018, Plaintiffs filed a motion to dismiss the Foreclosure Action (Foreclosure Action, Dkt. No. CHC2018433188), which was denied by order dated August 31, 2018 (Foreclosure Action, Dkt. No. CHC2018490734).  Soon thereafter, Plaintiffs filed a motion for summary judgment in lieu of an answer, which they subsequently withdrew.  Foreclosure Action, Dkt. Nos. CHC2018519838, CHC2018575701.  In both their motion to dismiss and motion for summary judgment, as they did in the Related Federal Action and in the instant action, Plaintiffs alleged that Defendant JPMorgan Chase wrongly denied them a mortgage modification and failed to recognize sixty-one modified mortgage payments.  *Compare* Foreclosure Action, Dkt. No. CHC2018519838 (noting JPMorgan Chase's records were "replete with inaccuracies, including all 61 months payments made by defendants during participation in HAMP"), *with* ECF No. 1 at 18 (alleging Defendants' "falsified plaintiffs regular monthly HAMP history . . . unlawfully converting plaintiffs regular HAMP monthly mortgage payments into [ ] a non-Hamp mortgage").

On July 29, 2019, Plaintiffs filed a second motion to dismiss in the Foreclosure Action, which was denied one month later.  Foreclosure Action, Dkt. Nos. CHC2019309729;

---

[2] Plaintiffs appealed this Court's order granting abstention (Related Federal Action, ECF No. 164).  On February 14, 2023, the Third Circuit Court of Appeals docketed Plaintiffs' appeal without taking further action on grounds that "[i]t is unclear what relief, if any, the appellants are requesting" from the Court.  *In re Alejandro Vicente Perez, et al.*, No. 22-2818, Dkt. No. 16 (3d Cir. Feb. 14, 2023).

CHC2019337783.   On September 11, 2019, Plaintiffs filed yet another motion to dismiss (Foreclosure Action, Dkt. No. CHC2019371241) and, in turn, Defendant JPMorgan Chase filed a cross-motion to strike Plaintiffs' answer to the foreclosure complaint and dismiss Plaintiffs' counterclaims (Foreclosure Action, Dkt. No. CHC2019382179).   On October 21, 2019, the Chancery Division again denied Plaintiffs' third motion to dismiss and granted Defendant JPMorgan Chase's cross-motion.   Foreclosure Action, Dkt. No. CHC2019418788.   On November 5, 2020, Plaintiffs filed a motion requesting, among other relief, that the presiding state court judge recuse himself for bias.   Foreclosure Action, Dkt. No. CHC2020257320.   Judge Edward A. Jerejian of the Chancery Division promptly denied Plaintiffs' recusal motion.   Foreclosure Action, Dkt. No. CHC2020278639.

On January 15, 2021, Plaintiffs filed a fourth motion to dismiss on grounds that the state court lacked jurisdiction over the foreclosure proceedings.   Foreclosure Action, Dkt. No. CHC202110168.   In response, Defendant JPMorgan Chase filed a cross-motion for an order requiring Plaintiffs to seek leave of the court prior to filing future motions in the Foreclosure Action.   Foreclosure Action, Dkt. No. CHC202118201.   On March 15, 2021, the state court entered an order denying Plaintiffs' fourth motion to dismiss and referring Defendant JPMorgan Chase's cross-motion to the assignment judge.   Foreclosure Action, Dkt. No. CHC202149713.   By separate order, on the same day, Judge Mizdol granted the cross-motion and ordered that Plaintiffs take certain steps to obtain consent from the court before filing "any additional motions, applications or notices . . . or any new complaints against JPMorgan Chase Bank, N.A., or any attorney representing" them (the "Filing Injunction").   Foreclosure Action, Dkt. No. CHC202149718. Plaintiffs subsequently filed a fifth motion to dismiss on the same jurisdictional grounds (Foreclosure Action, Dkt. No. CHC2021230406), which the state court again denied (Foreclosure

Action, Dkt. No. CHC2021239924).   In addition, Plaintiffs sought leave to file a sixth motion to dismiss and requested that Judge Mizdol recuse herself for alleged "bias and prejudice coupled with [ ] expressed Hatred towards . . . Hispanic pro se litigants."  Foreclosure Action, Dkt. No. CHC2021224852.  Plaintiffs' motion was once again denied as constituting "nothing more than a disguised motion for reconsideration" and "an attempt to relitigate issues which have been conclusively decided in decisions prior."  Foreclosure Action, Dkt. No. CHC2021239924.

On November 23, 2022, Defendant JPMorgan Chase filed a motion for final judgment against Plaintiffs.  Foreclosure Action, Dkt. No. CHC202281738.    The state court entered uncontested final judgment on February 15, 2023.  Foreclosure Action, Dkt. No. CHC202344934.

### c.  The Instant Action

The action currently pending before the Court arises out of Plaintiffs' June 21, 2022 complaint, whereby Plaintiffs allege that Defendant JPMorgan Chase, its past and present counsel (Defendants Dimon, Lipnick, PHDJ and Bertone Piccini, LLP), and Fannie Mae, among other things, conspired to defraud Plaintiffs and wrongfully acquire their property in violation of the Racketeering Influenced Corrupt Organizations Act ("RICO").  *See* ECF No. 1 at 73-82, 83-88. The complaint further alleges that Judge Mizdol violated Plaintiffs' First and Fourteenth Amendment rights by entering the Filing Injunction in the Foreclosure Action.  *See id.* at 82-83, 94-95.   Like in the Related Federal Action and Foreclosure Action, the claims underlying Plaintiffs' complaint are predicated on allegations that Defendants improperly pursued collection and foreclosure proceedings against Plaintiffs and defrauded Plaintiffs by denying them a mortgage modification.  *See generally* ECF No. 1.

Liberally construing Plaintiffs' pleadings, the Court interprets their complaint to assert seven separate causes of  action: (i) a violation of RICO pursuant to 18 U.S.C. § 1962(c) (count

7

one); (ii) conspiracy to violate RICO pursuant to 18 U.S.C. § 1962(d) (count two); (iii) violation

of the New Jersey Consumer Fraud Act pursuant to N.J.S.A. 56:8-1 (count three); (iv) federal mail

fraud pursuant to 18 U.S.C. § 1341 (count four); (v) federal wire fraud pursuant to 18 U.S.C. §

1343 (count five); (vi) violation of the Fair Debt Collection Practices Act (count six); and (vii)

violation of 42 U.S.C. § 1983 (count seven).  ECF No. 1 at 86-95.  Counts one through six of the

complaint are alleged against the Mortgage Defendants and PHDJ Defendants, and count seven is

alleged solely against Judge Mizdol.

### III.   LEGAL STANDARD

#### a.   Dismissal Under Fed. R. Civ. P. 12(b)(6)

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must meet the pleading

requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations

omitted).  In evaluating the sufficiency of a complaint, a court must draw all reasonable inferences

in favor of the non-moving party.  *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

*Pro se* complaints are liberally construed and held to less stringent standards than pleadings drafted

by lawyers.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) ("[P]*ro*

*se* litigants still must allege sufficient facts.").  A *pro se* complaint will be dismissed if "it appears

'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief.'"  *Mishra v. Fox*, 197 F. App'x 167, 168 (3d Cir. 2006) (citation omitted).

#### b.   Disqualification of Counsel

On a motion to disqualify counsel, it is the movant's burden to show "either that the counsel

in question has violated the Rules of Professional Conduct" or "that 'sufficient doubt exists as to

the propriety of the representation.'"  *Foat Leith v. Weitz*, No. 15-7227, 2018 WL 2357757, at *10

(D.N.J. May 24, 2018) (quoting *Maldonado v. N.J. ex rel. Admin. Office of Courts*, 225 F.R.D. 120, 136-37 (D.N.J. 2004)).  "Issues of professional ethics in the District Court of New Jersey are governed by L. Civ. R. 103.1(a)."  *Residences at Bay Point Condo. Assoc., Inc. v. Chernoff Diamond & Co., LLC, et al.*, No. 16-5190, 2017 WL 3531683, at *3 (D.N.J. Aug. 17, 2017).  Local Rule 103.1(a) dictates that the "Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern" in this District.  L. Civ. R. 103.1(a). The movant's burden is "especially heavy" because this District disfavors motions to disqualify, "a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Prudential Ins. Co. of Am. v. Chelchowski*, No. 16-258, 2017 WL 1549466, at *2 (D.N.J. Apr. 28, 2017) (quoting *Alexander v. Primerica Hold., Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993)).

### c.  Recusal of the Court

There are two statutory bases for recusal of a federal court judge, 28 U.S.C. § 144 and § 455.  Under § 144, "a judge must recuse if the litigant files a sufficient affidavit alleging that the judge has a personal bias or prejudice against him."  *Kabbaj v. Am. Sch. Of Tangier*, 775 F. App'x 718, 719 (3d Cir. 2019).  Section 455(a) dictates that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The Third Circuit has held that "[t]he test for recusal under § 455(a) is whether a reasonable person who is aware of all the facts might reasonably question a judge's impartiality."  *In re Onishi*, 856 F. App'x 426, 427 (3d Cir. 2021).

### IV.   DISCUSSION

### a.  Defendant Judge Mizdol's Motion to Dismiss (ECF No. 24)

Defendant Judge Mizdol moves to dismiss count seven of Plaintiffs' complaint for failure to state a claim under Rule 12(b)(6).  ECF No. 24.  Plaintiffs allege that Judge Mizdol violated

their First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 by entering the Filing Injunction, which set a procedure for seeking the Court's consent to file future submissions in or relating to the Foreclosure Action against JP Morgan Chase or their attorneys. *See* ECF No. 1 at 82-83, 94-95. Judge Mizdol responds that Plaintiffs' claim is improper to the extent that she is entitled to absolute judicial immunity. ECF No. 24 at 8-10. [3]

### i. Absolute Judicial Immunity

Plaintiff's § 1983 claim against Judge Mizdol fails because Judge Mizdol is entitled to absolute judicial immunity. The United States Supreme Court has long held that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). As such, our judicial system provides that "[a]ny errors made by a judge may be corrected on appeal, but a judge should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Pierson v. Ray*, 384 U.S. 547, 554 (1967). In other words, the Supreme Court "has consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (internal quotation marks and citation omitted); *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (noting immunity applies to claims for monetary

---

[3] The Court also acknowledges Judge Mizdol's alternative argument that this Court lacks jurisdiction over Plaintiffs' § 1983 claim under the *Rooker-Feldman* doctrine because (1) Plaintiffs "lost in state court," (2) Plaintiffs' claim "complains of injuries caused by the state court judgment," (3) "the judgment was rendered before the federal action was filed," and (4) Plaintiffs effectively ask this Court "to review and reject the [state court] judgment." ECF No. 24 at 11-12 (citing *Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). Notwithstanding, the Court finds that dismissal of Plaintiffs' § 1983 claim is appropriate because Judge Mizdol is entitled to absolute judicial immunity. For the same reason, to the extent Judge Mizdol raises any additional arguments, the Court need not address them.

and injunctive relief).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006).  Rather, judicial immunity is only overcome if:  (1) the judge's "actions [are] not taken in the judge's judicial capacity;" or (2) the judge's actions, even if judicial in nature, are "taken in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Azubuko*, 443 F.3d at 303.

Here, Plaintiffs' allegations, even liberally construed, could not defeat judicial immunity. First, because Plaintiffs' allegations touch upon Judge Mizdol's entering of the Filing Injunction in the Foreclosure Action, they complain about conduct that was performed within her judicial capacity.  Second, Plaintiffs contend that Judge Mizdol's ruling against them, for which they were given opportunity to oppose, *see, e.g.*, Foreclosure Action, Dkt. No. CHC202119702, improperly infringed upon their "protected activities and privileges," ECF No. 31 at 3.  However, the Filing Injunction does not entirely prohibit Plaintiffs from litigating against the defendants in the Foreclosure Action, but instead requires Plaintiffs to follow a well-detailed procedure for seeking leave of the Court to do so.  ECF No. 24 Ex. A; *Lai v. Metuchen Borough*, Dkt. No. A-5633-14T4, 2017 WL 1382219, at *5 (N.J. App. Div. Apr. 18, 2017) (noting an appropriate filing injunction may entail "a prohibition on the clerk's acceptance of a pleading . . . without Assignment Judge approval").  Further, in granting the Filing Injunction, Judge Mizdol issued a 20-page opinion detailing her obligations under *Rosenblum v. Borough of Closter*, 333 N.J. Super. 385 (App. Div. 2000) when granting such relief and reviewing the 10-year history of Plaintiffs' repetitive and frivolous litigation tactics in state and federal court.  ECF No. 24 Ex. A; *see also Matter of Hone*, Dkt. No. A-1524-21, 2023 WL 2002843, at *3-4 (N.J. App. Div. Feb. 15, 2023) (affirming filing injunction where assignment judge "issued a well-reasoned opinion that reviewed the

constitutional and public policy implications of limiting appellant's filings" and "conclude[ed] that such an order was permissible and necessary pursuant to *Rosenblum*").  Such filing injunctions are well within a court's judicial authority.  *See Zehl v. City of Elizabeth Bd. Of Educ.*, 43 A.3d 1188, 1195 (N.J. App. Div. 2012) ("Judges retain the inherent authority to impose reasonable conditions on motion practice to allow for appropriate case management and the efficient and effective administration of the case.").  Therefore, Judge Mizdol is entitled to judicial immunity.

It is unavailing that Plaintiffs seek injunctive relief against Judge Mizdol.  "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; *see also Kasperski v. Katz*, No. 22-1792, 2022 WL 17984872, at *1 (3d Cir. 2022); *Azubuko*, 443 F.3d at 303-04.  The Third Circuit has held that where a plaintiff fails to allege "that a declaratory decree was violated or that declaratory relief is unavailable," and where the conduct at issue was taken in the judge's judicial capacity, a claim for injunctive relief is barred.  *Azubuko*, 443 F.3d at 304; *see also Shaikh v. Einbinder*, No. 21-3115, 2022 WL 1314690, at *1 (3d Cir. 2022).  Here, Plaintiffs make no such contentions and their claim for injunctive relief under § 1983 is denied.  *See, e.g.*, *Tisby v. Lamela*, No. 23-CV-800, 2023 WL 2188757, at *2 (D.N.J. Feb. 23, 2023) (denying claim for injunctive relief against state court judge for conduct taken in judge's judicial capacity); *Hoyle v. Porto*, No. 14-CV-5726, 2014 WL 5093133, at *2 (D.N.J. Oct. 10, 2014) (rejecting a similar claim and finding plaintiff's appropriate recourse was a motion in state court and an appeal before the state appellate court).

Because amending the complaint would be futile with respect to judicial immunity, Plaintiffs' § 1983 claim against Judge Mizdol is dismissed with prejudice.  *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Hoyle*, 2014 WL 5093133, at *2 ("Since, here, Plaintiff's

claims are expressly limited to the challenges based on the acts taken by Plaintiff's presiding judge in the judge's official capacity, it is apparent that granting Plaintiff leave to amend those claims would be futile."); *Green-Bey v. Atlantic Cnty.*, No. 21-CV-20143, 2022 WL 2532665, at *2 (D.N.J. July 7, 2022) (dismissing injunctive relief claim against state judge with prejudice).

### b. Plaintiffs' Pending Motions (ECF Nos. 27, 37 & 48)

In addition to the motion brought by Judge Mizdol addressed above, there are also currently three motions before the Court filed by Plaintiffs. The first argues that counsel for the Mortgage Defendants, Owen Lipnick, Esq., must be disqualified as counsel because, as a co-defendant, Mr. Lipnick's "own interest may conflict with the interest of other named defendants as his clients." ECF No. 27-1 at 6. As such, Plaintiffs also seek to strike the motion to dismiss filed by Mr. Lipnick on behalf of the Mortgage Defendants. ECF No. 27 at 2. The second motion argues that counsel for the PHDJ Defendants, Michael A. Pellegrino, Esq., must be disqualified as counsel because, given his knowledge of facts underlying the RICO conspiracy alleged in Plaintiffs' complaint, Plaintiffs intend to call Mr. Pellegrino "to 'testify' as a 'hostile witness' against his 'client's interests.'" ECF No. 37-1 at 2-3. For the same reason, Plaintiffs also seek to strike the PHDJ Defendants' joinder to the Mortgage Defendants' motion to dismiss. ECF No. 37 at 2. The third motion argues that the undersigned should be recused from this action because there exists a bias and prejudice by the Court against Plaintiffs. ECF No. 48-9 at 1. Addressing each motion below, the Court finds that Plaintiffs have not satisfied the burden necessary to disqualify counsel, nor have Plaintiffs identified an appropriate basis for the Court to recuse itself in this case. Accordingly, Plaintiffs' three motions are denied.

### i.  Disqualification of Owen Lipnick, Esq.

New Jersey Rule of Professional Conduct ("RPC") 1.7(a) dictates, in relevant part, that a concurrent conflict of interest arises when "the representation of one client will be directly adverse to another client," or when "there is significant risk that representation of one or more clients will be materially limited . . . by a personal interest of the lawyer."  N.J. R. Prof'l Conduct 1.7(a)(1)-(2).  Plaintiffs argue that, because Mr. Lipnick is both counsel to the Mortgage Defendants and himself a named defendant, he must be disqualified for having a "concurrent conflict of interest" with the co-defendants he purports to represent.  ECF No. 27-1 at 6.  The Court disagrees.

Plaintiffs make the conclusory assertion that a conflict of interest exists by speculating that Mr. Lipnick will have competing interests with his co-defendants.  ECF No. 27-1 at 6.  However, in New Jersey, "representation of clients who are on the same side in the same civil litigation . . . does not always present a potential for a conflict of interest, and is not automatically barred."  *N.J. Division of Child Protection & Permanency v. G.S.*, 447 N.J. Super. 539, 570 (App. Div. 2016).  On the contrary, "an absolute rule requiring separate counsel at the initial pleading stages is not required to adhere to traditional ethical precepts."  *Matter of Petition for Rev. of Opinion 552 of Advisory Comm. On Pro. Ethics*, 102 N.J. 194, 198 (1986).  And to the extent that Plaintiffs raise particular concern with the fact that Mr. Lipnick is both a co-defendant and counsel, *see* ECF No. 36 at 2, RPC 1.7 does not bar an attorney from representing himself and a co-defendant.  *See, e.g.*, *J.R.S. Holdings, LLC v. JES Props., LLC*, No. A-5986-08T2, 2010 WL 5428870, at *2-3 (N.J. App. Div. Aug. 17, 2010) (finding professional conduct rules do "not preclude a licensed attorney from representing himself and also representing a corporate co-defendant," and that parties were otherwise entitled to provide informed consent to the representation).

Even where there is a potential for conflict, joint representation is still appropriate if the defendants "have a substantial identity of interests" and "would present consistent defenses to the claims brought against them."  *Id.* at 205 ("In these circumstances, the representation of multiple parties may be permitted even if the positions may appear to be somewhat potentially conflicting.") Here, the Mortgage Defendants are each subject to the same causes of action asserted in the complaint, *see* ECF No. 1 at 83-93, and collectively moved to dismiss those claims on grounds applicable to each of them, *see* ECF No. 20.  At this early stage, the Mortgage Defendants identify that their "interests in seeking a dismissal are aligned and not in conflict."  ECF No. 33 at 1.  The Court requires more than a speculative assertion that, either as co-defendant or counsel, Mr. Lipnick has a conflict barring his representation under RPC 1.7.  *See State v. Davis*, 366 N.J. Super. 30, 39 (App. Div. 2004) (finding it a requirement under RPC 1.7 "that a solid foundation exist for any claim of disqualifying conflict of interest").

It is also of little consequence that Plaintiffs intend to call Bertone Piccini LLP and Mr. Lipnick to testify at trial.  ECF No. 36 at 3.  RPC 3.7 dictates that "[a] lawyer shall not act as advocate *at a trial* in which the lawyer is likely to be a necessary witness."  N.J. R. Prof'l Conduct 3.7(a) (emphasis added).  Courts in New Jersey have interpreted this rule to mean that, while counsel who is a necessary witness may not advocate at trial, counsel "may continue his representation of [his client] until the time of trial."  *Tangible Value, LLC v. Town Sports Int'l Holdings, Inc.*, No. 10-1453, 2012 WL 4660865, at *3 (D.N.J. Oct. 1, 2012); *see also Residences at Bay Point Condo. Assoc., Inc.*, 2017 WL 3531683, at *13.  Even assuming Plaintiffs could show that Mr. Lipnick is a necessary witness, their motion for disqualification is premature at the pleadings stage.

Finally, even if Plaintiffs had sufficiently identified a conflict, the Mortgage Defendants' opposition suggests that each defendant has consented to their joint representation. *See, e.g.*, ECF No. 33 at 2 & n.1; *see also* N.J. R. Prof'l Conduct 1.7(b)(1) (permitting joint representation notwithstanding concurrent conflict of interest where informed consent is provided). Plaintiffs have failed to adequately explain why such informed consent would be improper here. *See* ECF No. 33 at 2 n.1. Therefore, Plaintiffs' motion to disqualify Mr. Lipnick as counsel to the Mortgage Defendants is denied. For the same reasons, the Court denies Plaintiffs' request to strike the Mortgage Defendant's motion to dismiss.

In accordance with the Court's ruling, and mindful of the "Court's role [ ] to ensure strict compliance with the disclosure requirements" imposed by Rule 1.7(b), the Court directs counsel for the Mortgage Defendants, within fifteen days from the date of this Opinion, "to submit an affidavit stating that it has disclosed to each of its clients the possible conflicts that might arise in its continued representation, and that each of its clients has consented to this arrangement." *Messing v. FDI, Inc.*, 439 F. Supp. 776, 784 (D.N.J. 1977).

### ii. Disqualification of Michael A. Pellegrino, Esq.

Plaintiffs also move to disqualify Michael A. Pellegrino, Esq. as counsel to the PHDJ Defendants on grounds that (1) Mr. Pellegrino was once an employee of PHDJ, (2) he "had full knowledge of the 'illicit attorney-client-conspiracy,'" and (3) Plaintiffs intend to call him to testify "as a 'hostile witness' against his 'client's interest.'" ECF No. 37-1 at 2-3. The Court finds that Plaintiffs' allegations fail to justify the "drastic measure" of disqualification. *Carlyle Towers Condo. Ass'n, Inc. v. Crossland Sav., FSB*, 944 F. Supp. 341 (D.N.J. 1996).

First, Plaintiffs contend that Mr. Pellegrino must be disqualified because he was employed by PHDJ, was a "coworker" of Defendant Gross at the time of the events giving rise to Plaintiffs'

complaint, and the two had a "close working relationship."  ECF Nos. 37-1 at 2; 41 at 2-3.  However, Mr. Pellegrino certified that he was never an employee of PHDJ in New Jersey, where Defendant Gross was employed, and that instead he was previously a legal assistant for PHDJ in Pennsylvania and employed by PHDJ in Florida.  ECF No. 40-1 at 2-3.  Mr. Pellegrino further certified that PHDJ in Pennsylvania and Florida are separate and distinct entities from PHDJ in New Jersey, and that he has never had a "close working relationship" with Defendant Gross.  *Id.* at 3.  In their reply, Plaintiffs fail to adequately explain why such a tangential relationship warrants the unfavorable remedy of disqualification.  *See, e.g.*, ECF No. 41 at 2-3; *see also Prudential Ins. Co. of Am.*, 2017 WL 1549466, at *2.  Accordingly, Mr. Pellegrino's former affiliation with separate PHDJ entities that are not parties to this action, without more, fails to provide a "solid foundation" upon which the Court would disqualify him.  *See Davis*, 366 N.J. Super. at 39.

Second, Plaintiffs contend that disqualification is necessary because Mr. Pellegrino has "full knowledge of the 'illicit attorney-client-conspiracy.'"  ECF No. 37-1 at 2.  As an initial matter, Mr. Pellegrino certifies that he has "no knowledge whatsoever" of the purported conspiracy at issue in this case and "has no personal knowledge of the alleged facts set forth in the Plaintiffs' Complaint."  ECF Nos. 40 at 3; 40-1 at 3.  Even if Mr. Pellegrino had previous knowledge of the circumstances underlying this action, that fact alone does not explain how his "independent professional judgment" would be impaired by representing the PHDJ Defendants.  *See Wyeth v. Abbott Laby's*, 692 F. Supp. 2d 453, 459 (D.N.J. 2010) (denying request for disqualification notwithstanding counsel's violation of RPC 1.7); *see also In re Boy Scouts of Am.*, 35 F.4th 149, 160 (3d Cir. 2022) (noting that "the ability of litigants to retain loyal counsel of their choice" is a relevant factor in deciding whether to disqualify).  Moreover, notwithstanding Plaintiffs' allegations, the Court finds that Mr. Pellegrino's disqualification would be "more disruptive than

helpful" to the parties' navigation of this case at the pleadings stage where several motions to dismiss are pending.  *In re Boy Scouts of Am.*, 35 F.4th at 160 (collecting cases where disqualification was denied in court's discretion notwithstanding an RPC violation).

Third,  Plaintiffs request Mr. Pellegrino's disqualification because they intend to have him testify "as a 'hostile witness' against his 'client's interest.'"  ECF No. 37-1 at 2-3.  However, as noted above, RPC 3.7 merely dictates that a necessary witness may not serve as counsel *at trial*. *See* N.J. R. Prof'l Conduct 3.7(a).  As such, "[c]ourts in this District have consistently declined to disqualify counsel based on RPC 3.7, when the motion was brought during the pretrial stage." *Residences at Bay Point Condo. Assoc., Inc.*, 2017 WL 3531683, at *13.  Thus, the Court will decline to disqualify Mr. Pellegrino.

Therefore,  Plaintiffs' motion to disqualify Mr. Pellegrino as counsel to the PHDJ Defendants is denied.  For the same reasons, the Court also denies Plaintiffs' request to strike the PHDJ Defendant's joinder to the Mortgage Defendants' motion to dismiss.

### iii.  Recusal of the Court

While Plaintiffs' do not identify which statutory grounds for recusal they rely on, their motion fails under 28 U.S.C. § 144 and § 455.  Plaintiffs contend that recusal is necessary because the Court has allegedly "exhibited an undeniable, bias, prejudice, and animus" towards them.  ECF No. 48-9 at 2-3.  However, these conclusory allegations of bias fail to adequately support a claim for recusal.  *See Bey v. Bruey*, No. 09-1092, 2010 WL 276076, at *1 (D.N.J. Jan. 19, 2010) ("Conclusory allegations of bias are insufficient to warrant recusal.").  Nor is it sufficient that Plaintiffs have previously submitted a letter to the Court arising out of their disagreement with the Court's prior rulings in the Related Federal Action.  ECF Nos. 48-9 at 2-3; 48-7 Ex. C.  And to the extent Plaintiffs have previously disagreed with or appealed the Court's rulings, *see, e.g.*, ECF

Nos. 48-9 at 4, 55 at 2-5, that does not entitle them to the "fresh set of eyes" they now request, ECF No. 48-9 at 4; *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."); *Carino v. Fontoura*, No. 15-06143, 2022 WL 2318145, at *1 (D.N.J. June 28, 2022) (finding plaintiff's disagreement with court's rulings an insufficient basis for recusal under § 144).

Accordingly, Plaintiffs' motion for recusal of the Court is denied.

### V.   <u>CONCLUSION</u>

For the reasons set forth above:  (i) Defendant Judge Mizdol's motion to dismiss Plaintiffs' § 1983 claim (ECF No. 24) is granted, and Plaintiffs' claim under 42 U.S.C. § 1983 is dismissed with prejudice; (ii) Plaintiffs' motion to strike the Mortgage Defendants' motion to dismiss and disqualify Owen Lipnick, Esq. as counsel (ECF No. 27) is denied; (iii) Plaintiffs' motion to strike the PHDJ Defendants' notice of joinder and disqualify Michael A. Pellegrino, Esq. as counsel (ECF No. 37) is denied; and (iv) Plaintiffs' motion for recusal of the undersigned (ECF No. 48) is denied.  An appropriate order follows this Opinion.


Dated: April 27, 2023

s/ Claire C. Cecchi
_____
**CLAIRE C. CEECHI, U.S.D.J.**
