**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, et al.,<br><br>Defendants. | Civil Action No.: 22-4173<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

Before the Court is a motion for reconsideration by pro se Plaintiffs Cathleen Hanenberg Perez and Alejandro Vincente Perez ("Plaintiffs") of this Court's April 15, 2026 order (ECF No. 93) denying Plaintiffs' application for a temporary restraining order and preliminary injunction to stay the sheriff's sale of their primary residence. ECF No. 95 ("Moving Br."). Defendants JPMorgan Chase Bank, N.A. ("Chase"), Jamie Dimon, Federal National Mortgage Association, Bertone Piccini, LLP and Owen Lipnick, Esq. (collectively, "Chase Defendants"); and Phelan Hallinan Diamond & Jones, PC and Matthew Gross, Esq. (collectively, "PHDJ Defendants") opposed the motion, *see* ECF No. 96 ("Chase Defendants Opp."); ECF No. 97 ("PHDJ Opp."), and Plaintiffs replied. ECF No. 99. Subsequently, the Chase Defendants and Plaintiffs submitted supplemental letters, which the Court has taken into consideration. ECF Nos. 98-100. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiffs' motion for reconsideration is denied.

**WHEREAS** this dispute arises out of a loan that Plaintiffs obtained from Chase in 2008,

which was secured by a mortgage on their property. ECF No. 87-1, Ex. 1 at 3–4. Between 2012 and 2021, Plaintiffs repeatedly sought to evade foreclosure in state and federal court. *Id.* at 4-9 (detailing the procedural history of the foreclosure proceedings). In February 2023, Chase obtained a final foreclosure judgment from the Superior Court of New Jersey. *Id.*, Ex. 3. After the Appellate Division dismissed Plaintiffs' appeal of that judgment and the New Jersey Supreme Court denied certification (*id.*, Exs. 7-10), the New Jersey Superior Court issued a writ of execution against Plaintiffs that directed the Bergen County Sheriff to conduct a sale of that property. *Id.*, Ex. 11. Plaintiffs repeatedly and unsuccessfully sought to vacate that judgment in state court (*id.*, Exs. 12-19), and in February 2026, Plaintiffs moved before the Appellate Division to stay the sheriff's sale. *Id.*, Ex. 20. The Appellate Division denied Plaintiffs' motion on April 14, 2026 (ECF No. 92), and in May 2026, the Appellate Division denied Plaintiffs' state court reconsideration motion. *See* ECF No. 98, Ex. B; and

**WHEREAS** Plaintiffs previously brought an action in this Court alleging that Chase improperly or fraudulently denied Plaintiffs a Home Affordable Modification Trial Plan Contract and did not properly credit sixty-one mortgage payments that Plaintiffs made from 2009 to 2014. *Perez v. JPMorgan Chase Bank*, N.A., No. 14-2279, ECF No. 34 (D.N.J. Oct. 29, 2021). While that action was ongoing, Chase commenced the foreclosure action in state court against Plaintiffs, and Plaintiffs filed a motion for an order to show cause requesting that this Court enjoin and dismiss the state foreclosure action. *Id.*, ECF No. 125. This Court denied Plaintiff's request for injunctive relief upon a finding that the Anti-Injunction Act barred such relief. *Id.*, ECF No. 139. In 2022, the Court adopted the Report and Recommendation of Judge Clark and dismissed the underlying complaint based on Colorado River abstention. *Id.,* ECF Nos. 162–63; and

**WHEREAS** in 2022, Plaintiffs brought the present action asserting claims under the

federal Racketeer Influenced and Corrupt Organizations Act, mail and wire fraud statutes, and Fair Debt Collection Practices Act, as well as the New Jersey Consumer Fraud Act. ECF No. 1 at 83–95. Upon Plaintiffs' request, this Court granted a stay of this action while their appeals proceeded in state court, ECF No. 70, and that stay remains in effect. *See* ECF No. 86. Notwithstanding the stay, Plaintiffs subsequently filed a motion for a temporary restraining order ("TRO") and a preliminary injunction ("PI") to stay the sheriff's sale of their primary residence. ECF No. 85; and

**WHEREAS** on April 15, 2026, the Court denied Plaintiffs' application for an injunction staying the sheriff's sale of their property. ECF No. 93. The Court concluded that Plaintiffs failed to demonstrate a likelihood of success on the merits, as is required to succeed on an application for a TRO or a PI. *Id*. at 3. Specifically, this Court found that the Anti-Injunction Act, 28 U.S.C. § 2283, prohibited it from issuing an injunction staying state court proceedings, including sheriff's sales. *Id.* at 3-4; and

**WHEREAS** Plaintiffs now move for reconsideration of the Court's decision denying their application for a TRO and PI. Moving Br. at 1; and

**WHEREAS** "reconsideration is an extraordinary remedy that should be granted very sparingly." *Malinconico v. Alessio*, No. 21-11550, 2023 WL 5125517, at *2 (D.N.J. Aug. 10, 2023). Such a motion "may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019). The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *5 (D.N.J. Aug. 16, 2010) (quoting *N. River Ins.*

*Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); and

**WHEREAS** Plaintiffs have not identified any intervening change in controlling law nor have they cited newly discovered evidence that was previously unavailable. *See generally* Moving Br. Thus, reconsideration is only appropriate if the Court made a clear error of law that must be corrected or to prevent manifest injustice. *See Tynes v. Pension Benefit Guar. Corp.*, No. 04-2725, 2006 WL 8458226, at *1 (D.N.J. Jan. 26, 2006). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs.,* 2010 WL 3257992, *6 (citation omitted)). "Mere 'disagreement with the Court's decision' does not suffice" to show a clear error of law. *Id.* (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); and

**WHEREAS** Plaintiffs argue that reconsideration is warranted because "the Court overlooked the limited, preservation-only nature of the relief sought; used disputed state-court background recitals in a threshold Anti Injunction Act ruling; and did not address the manifest-injustice problem created by abstention in the first federal action, a continuing stay in this federal action, and state-court filing restrictions that together have prevented any court from reconciling the complete record on the merits before irreversible sale consequences occur." Moving Br. at 5. None of Plaintiffs' purported grounds for relief constitute a "clear error of law"; and

**WHEREAS** Plaintiffs first suggest that this Court's order "framed the dispute too broadly" and "overlooked [the] narrower posture" at issue, by which "[a] court may deny a request for extraordinary relief because a threshold federal remedy bar appears controlling without at the same time adopting one side's disputed foreclosure background as if it had already been adjudicated on the merits." Moving Br. at 9. Accordingly, Plaintiffs request that this Court "amend or clarify Order 93 to state expressly that its denial rested on the Anti-Injunction Act analysis and did not

adjudicate the underlying debt/default validity, the x1399 settlement record, or the legality of the later execution path." *Id.* at 10; and

**WHEREAS** Plaintiffs, however, agree that this Court "correctly recognized the Anti-Injunction Act as a serious federal constraint." Moving Br. at 9. Although Plaintiffs argue that the Court "overlooked that Plaintiffs sought only short-lived status-quo relief and did not ask this Court to adjudicate the entire state foreclosure on the OTSC record," they raise no argument suggesting that this Court indeed made any merits adjudications. *Id.* In fact, Plaintiffs correctly note that this court's ruling was "a threshold Anti-Injunction Act ruling" and "did not decide the foreclosure merits." *Id.* And Plaintiffs cite no legal authority to suggest that this Court's application of the Anti-Injunction Act was in error. Accordingly, Plaintiffs did not demonstrate a "clear error of law" to merit reconsideration. To the extent that Plaintiffs disagree with the specific language employed by this Court in issuing its ruling, a motion for reconsideration is an improper mechanism for relief. *See Scott v. FCI Fairton*, No. 09-4710, 2010 WL 3636286, at *21 (D.N.J. Sept. 8, 2010) *aff'd*, 407 F. App'x 612 (3d Cir. 2011); and

**WHEREAS** Plaintiffs also argue that reconsideration is warranted because this Court "used disputed state-court background recitals in a threshold Anti Injunction Act ruling." Moving Br. at 5. However, Plaintiffs cite no legal authority indicating that citation to prior and ongoing state court proceedings that bear directly on the present litigation constitutes a "clear error of law." Nor do they demonstrate that this Court made any factual error in reciting the procedural history underlying this matter. Accordingly, this Court's reference to ongoing state court proceedings as a means of providing necessary procedural history cannot be grounds for reconsideration; and

**WHEREAS** Plaintiffs further appear to argue that reconsideration is warranted because this Court did not consider factors preventing it from adjudicating the merits of the underlying

complaint "before irreversible sale consequences occur." Moving Br. at 5. Namely, Plaintiffs point to "abstention in the first federal action," "a continuing stay in this federal action," and "state-court filing restrictions" as factors that contribute to "manifest-injustice." *Id.* Such considerations, however, have no bearing on the threshold legal issue animating this Court's prior ruling: the Anti-Injunction Act prohibits a federal court from enjoining a sheriff's sale where no statutory exception applies. ECF No. 93 at 4. Accordingly, Plaintiffs' reference to such factors does nothing to bolster their request for reconsideration, and this Court will deny Plaintiffs' motion; and

**WHEREAS** Plaintiffs also request alternative relief in the form of a "short stay and stay pending appeal so Plaintiffs may seek emergency relief from the United States Court of Appeals for the Third Circuit under Fed. R. App. P. 8." Moving Br. at 1. However, a request for a stay pending appeal is "not a second bite at the preliminary injunction apple." *Autobar Sys. of N.J. v. Berg Liquor Sys., LLC*, No.-233790, 2024 WL 919183, at *3 (D.N.J. Mar. 4, 2024). Indeed, it is "well established that 'the standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction.'" *Id.* at *2 (citing *Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013); *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). And "if a party moves for a stay pending appeal of a decision concerning a preliminary injunction, and merely re-raises the same arguments the court already considered in issuing or denying the underlying preliminary injunction, the court will often re-incorporate its earlier reasoning to deny the stay pending appeal." *Id.* at 3. (citing cases). Here, Plaintiffs have not raised any new facts or law suggesting their appeal is likely to succeed on the merits. Therefore, for the same reasons expressed *supra* and in this Court's Order at ECF No. 93, the Court concludes that Plaintiffs have not demonstrated that a stay pending appeal is warranted. *Id.* at 3; and

**WHEREAS** Plaintiffs also request, in the alternative, that this Court "lift[] or modify[] the stay in this action for expedited merits case management." Moving Br at 5. This Court previously stayed this Action "pending completion of Plaintiffs' state court appeal." ECF No. 70. The New Jersey Appellate Division dismissed Plaintiffs' foreclosure appeal in April 2025 (ECF No. 87, Ex. 7), and in September 2025, the New Jersey Supreme Court denied Plaintiffs' petition for certification of that order. *Id.*, Ex. 10. Accordingly, Plaintiffs' state court appeal is now complete, and the Court will lift the stay in this action.

Accordingly, **IT IS** on this 25th day of November, 2026

**ORDERED** that Plaintiffs' motion for reconsideration, ECF No. 95, is **DENIED**; and it is also

**ORDERED** that Plaintiffs' request for a stay pending appeal is **DENIED**; and it is also

**ORDERED** that the stay in this matter, ECF No. 70, is hereby lifted and Plaintiffs' outstanding motions, ECF No. 71 and 73, shall be reinstated.

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**